UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROBERT PADILLA                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:06cv483-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                                    DEFENDANT

### ORDER

An [15] Order for Mediation was entered on October 20, 2006, as part of what is now the second round of the Court-ordered program designed for Hurricane Katrina litigation. The order is clear as to attendance and participation, and expressly states that "[a] party's and counsel's failure to attend and participate in this mediation, without good cause, shall result in the imposition of appropriate sanctions."

Unfortunately, neither Plaintiff nor his counsel appeared at the mediation in this cause of action scheduled today; the mediator and counsel for Defendant were present. The Court received information to the effect that Plaintiff's counsel indicated that there may have been confusion as to whether the mediation was going to be held as scheduled, but upon further inquiry to the program administrator the Court has determined that such should not have been the case. The mediator was later informed that Plaintiff's counsel may be able to appear, but only to announce that there was not a likelihood of settlement. The mediator wisely determined not to reconvene.

This is a serious matter. The mediation effort is important to the Court's docket of Hurricane Katrina insurance cases, and not just in regard to the settlement of cases. Where that has not occurred, the Court, consistent with the goals of Fed. R. Civ. P. 16, has been able to identify issues and determine ways to expedite the management and disposition of the action.

The Court expects adherence to its orders and good faith participation in the mediation program. Plaintiff's counsel will be afforded an opportunity to explain his actions with the understanding that the Court is already familiar with the underlying circumstances outlined above, especially the failure to give notice in advance that he would not appear. Otherwise, Plaintiff's counsel may expect to pay the program administrator's fee of $200, the mediator's fee of $400, and a reasonable attorney's fee for defense counsel not to exceed $200.

This is not the first time the Court has taken such action. *See Therrell v. State Farm Fire and Casualty Company*, Civil Action No. 1:06cv151 (imposing payment of fees on Defendant's counsel occasioned by continuance of a mediation). Furthermore, it should emphasized that this mediation shall not be continued, but will be rescheduled in the current round of the mediation

program.

      Accordingly, **IT IS ORDERED**:

      Plaintiff's counsel shall, within five (5) days of the date of this order, advise the Court of his position as to the Court's inclination to subject him to the payment of fees as outlined above for his failure to attend the mediation that was scheduled today; failure to so advise the Court or provide adequate support for said position shall result in the imposition of such payment;

      In no event is the mediation in this cause of action continued, but shall be rescheduled during the current round of the Court's mediation program.

      **SO ORDERED** this the 16th day of November, 2006.

                                              s/ *L. T. Senter, Jr.*
                                              L. T. Senter, Jr.
                                              Senior Judge